

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00782-CR

Arthur Lee **KIMBEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 6234
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: May 15, 2019

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant Arthur Lee Kimbel was indicted for possession with intent to deliver a controlled substance in an amount of four grams or more but less than two hundred grams. The indictment included two enhancement allegations. A jury found Kimbel guilty, Kimbel pled true to the enhancement allegations, and the trial court sentenced Kimbel to life imprisonment and assessed a $10,000.00 fine. Kimbel perfected this appeal.

Kimbel's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable issues and concludes the appeal is without merit. The brief meets the

requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (en banc). Counsel provided proof Kimbel was given: (1) a copy of the brief, (2) a copy of the motion to withdraw, and (3) a motion to allow him to request the appellate record. Counsel also informed Kimbel of his right to file his own brief. Kimbel filed a brief on his own behalf in which he alleges the trial court erred in: (1) admitting into evidence photographs of text messages from Kimbel's cell phone regarding previous sales of methamphetamine; and (2) denying his motion for mistrial, which was based on the assertion that jurors saw Kimbel in a holding cell during the trial.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and: (1) determine the appeal is without merit and issue an opinion stating there is no reversible error, or (2) determine there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, Kimbel's brief, and the State's brief. We find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Kimbel's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Kimbel wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for

discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Beth Watkins, Justice

Do Not Publish